The Honorable David R. Cook State Representative Post Office Box 131 Williford, Arkansas 72482-0131
Dear Representative Cook:
I am writing in response to your request for an opinion on the following questions:
Post-secondary institutions are required to notify the student population if a sex offender is enrolled at the institution. Given this requirement, may a post-secondary institution inquire whether an applicant for admission to the institution has been convicted of a felony offense? If inquiry is appropriate, should the institution merely inquire whether the applicant has a felony conviction or may it ask that the applicant identify the particular felony or felonies of which the applicant was convicted?
RESPONSE
In my opinion, in response to your first question, an institution of higher education is invested with discretion as to whether to ask an applicant for admission about prior felony convictions. An institution "may" but is not required to ask for such information. An institution of higher education is not required to ask for this information in connection with its duty to notify students of sex offender enrollees. Arkansas law provides a separate procedure for determining the existence of sex offenders at institutions of higher education and for notifying the relevant law enforcement agency and institution in that event. In response to your second question, again, this is within the discretion of the institution.
Prior to posing your first question, you reference the duty of post-secondary institutions to "notify the student population if a sex offender is enrolled at the institution." This issue is discussed at A.C.A. § 12-12-913(g) (Supp. 2005), as amended (effective July 31, 2007), by Act 147 of 2007.[1] The most recent amendment changes the subsection as follows:
(g)(1) The State Board of Education, the Arkansas Higher Education Coordinating Board of the Department of Higher Education, and the State Board of Workforce Education and Career Opportunities shall promulgate guidelines for the disclosure to students and parents of information regarding a sex offender when such information is released to a local school district or institution of higher education or vocational training by a local law enforcement agency having jurisdiction.
(2) The Arkansas Higher Education Coordinating Board shall promulgate guidelines for the disclosure to students of information regarding a sex offender when information regarding a sex offender is released to an institution of higher education by a local law enforcement agency having jurisdiction.
(3) In accordance with guidelines promulgated by the State Board of Education, the board of directors of a local school district or institution of higher education or vocational training shall adopt a written policy regarding the distribution to students and parents of information regarding a sex offender.
(4) In accordance with guidelines promulgated by the Arkansas Higher Education Coordinating Board, the board of directors of an institution of higher education shall adopt a written policy regarding the distribution to students of information regarding a sex offender.[2]
Effective July 31st, 2007, the relevant sections for purposes of your question are subsections (g)(2) and (4). It is my understanding that higher education guidelines required by (g)(2) have been drafted, but have not yet been adopted. I do not have information on whether individual institutions currently have policies concerning disclosure to students under subsection (g)(1) or (g)4).[3]
With this background established, I may now address your first question.
Question 1 — Given this [notification] requirement, may a post-secondary institution inquire whether an applicant for admission to the institution has been convicted of a felony offense?
In my opinion an institution of higher education is invested with discretion as to whether to ask applicants for admission to the institution whether they have been convicted of felony offenses. I have not found any Arkansas statute expressly addressing whether institutions of higher education may ask applicants about previous felony convictions. The most relevant general law on the topic provides merely that:
Each board of trustees of each educational institution of higher learning supported, in whole or in part, by the State of Arkansas, shall have the right to adopt rules and regulations for the admission and enrollment of students in the respective institutions of higher learning under the control of such board of trustees, expressly including the right to refuse admission and enrollment to any person who comes to the State of Arkansas solely for the purpose of securing admission, enrollment, and educational advantages at the expense of the State of Arkansas.
A.C.A. § 6-60-201(a) (Repl. 2003).
This statute invests each institution with authority to adopt rules and regulations regarding admission to the institution. In my opinion colleges and universities will be invested with substantial discretion as to the fashioning of any such rules and regulations. It has been stated that "In general, admission to a school is a privilege and not, standing alone, a constitutional or property right, subject to the exception that the rules and regulations for admission are not discriminatory, arbitrary, or unreasonable." 14A C.J.S. Colleges and Universities § 31, citing Lister v. Hoover, 706 F.2d 796 (7th Cir. 1983).
In my opinion the duty mentioned in A.C.A. § 12-12-913(g) to notify the institution's students of sex offenders on campus does not require such institutions to ask applicants for admission about prior felonies. State law provides a separate mechanism for institutions of higher education to receive information on sex offenders.
Under current state and federal law "[a]ny sex offender working, enrolled, or volunteering in a public or private elementary, secondary or postsecondary school, or institution of training shall notify the center of that status and shall register with the local law enforcement agency having jurisdiction over that campus." A.C.A. § 12-12-906(e) (Supp. 2005). See also, 42 U.S.C. § 14071 (j).[4]
When sex offenders register with the required law enforcement entities under this process, institutions of higher education receive information concerning sex offenders enrolled at their institutions under the "Notification Guidelines" promulgated by the Arkansas Sex Offender Assessment Committee. See A.C.A. § 12-12-913(c)(1)(A) (Supp. 2005) and "Sex Offender Assessment Committee Guidelines and Procedures," available at www.sos.arkansas.gov. This is the statutory and regulatory procedure by which postsecondary institutions receive notice of sex offender enrollees. In turn, as noted above, postsecondary institutions are required by A.C.A. § 12-12-913(g) to adopt policies, consistent with applicable guidelines, to notify students concerning sex offenders "when information regarding a sex offender is released to an institution of higher education by a local law enforcement agency having jurisdiction." (Emphasis added). The notification requirement you mention is therefore triggered by the release of information to the university by law enforcement officials. Under current law, there is no legal connection between the duty to notify students of sex offenders and the issue of whether postsecondary institutions choose to query all applicants about prior felony offenses. As noted above, in my opinion the latter decision is discretionary with the institution.
Question 2 — If inquiry is appropriate, should the institution merely inquire whether the applicant has a felony conviction or may it ask that the applicant identify the particular felony or felonies of which the applicant was convicted?
Again, in my opinion the question of whether the inquiry is "appropriate" or whether the institution "should" require an applicant to identify particular felony offenses is a matter of discretion with the institution. For a discussion of similar issues, see South Carolina Op. Att'y Gen. 1976, No. 4288 (1976 W.L. 22908 (S.C.A.G.)) (opining that a university admissions policy requiring applicants to disclose their full arrest record would likely be upheld, although the "sounder and better practice" would be to require full disclosure only when the arrest resulted in a conviction); Linda McGuire, Lawyering or Lying? When Law School Applicants Hide Their Criminal Histories and Other Misconduct, 45 S. Texas L. Rev. 709 (Fall 2004) (discussing whether institutions may ask about juvenile or expunged adjudications); and Jerome W.D. Stokes and Allen W. Groves, Rescinding Offers of Admission When Prior Criminality is Revealed, 105 Ed. L. Rep. 855 (Feb. 1996).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Act 147 of 2007 does not contain an emergency clause of a specified effective date. As such, it becomes effective ninety days after the sine die adjournment of the General Assembly, or July 31, 2007. See Op. Att'y Gen. 2007-164.
[2] The latest amendment by Act 147 of 2007 modifies the language of the subsection to address separately the duty of the Higher Education Coordinating Board to provide guidelines for institutions of higher education with regard to the notification of students. Those guidelines will presumably be separate from the guidelines required to be promulgated by the State Board of Education and the Department of Workforce Education for local school districts and vocational training institutions with regard to the notification of students and parents.
[3] See also generally, 20 U.S.C. § 1092(f)(1)(I) (requiring institutions to prepare and publish an annual security report that includes, among other things, "[a] statement advising the campus community where law enforcement agency information . . . concerning registered sex offenders may be obtained, such as the law enforcement office of the institution, a local law enforcement agency with jurisdiction for the campus, or a computer network address").
[4] This federal provision requires sex offenders to give notice of each institution of higher education in the state at which they are employed, carry on a vocation, or are a student. It has been stated that this provision, which was added as part of the federal "Campus Sex Crimes Prevention Act," "encourages states to require sex offenders to report to a law enforcement agency their enrollment or employment at an institution of higher education. [Footnote omitted]. Lack of state compliance triggers a ten-percent reduction in federal criminal justice funds. All states are in compliance." James B. Jacobs, Mass Incarceration and the Proliferation of Criminal Records, 3 U. St. Thomas L. Journal 387 (Spring 2006), referring to 42 U.S.C. 14071(j) and (g)(2). The federal law requires state procedures to ensure that registration information is promptly made available to a law enforcement agency having jurisdiction where the institution is located.42 U.S.C. 14071(j)(2)(A). The federal legislation also provides, however, that "Nothing in this subsection [(j)] shall require an educational institution to request such information from any State."42 U.S.C. 14071(j)(3).